[Civ. No. 30942.   Second Dist., Div. Two.   Aug. 25, 1967.]

DAISY JANE BRASHER, Plaintiff and Appellant, v. HARRY CHARLES BRASHER, JR., Defendant and Respondent.

James E. Green for Plaintiff and Appellant.

Beck & Cohen and Stanley D. Cohen for Defendant and Respondent.

FLEMING, J.—This is an appeal from an order modifying the child custody and support provisions of a judgment of divorce. The modification order transferred custody of the two minor children from the mother, Daisy Jane Brasher, to the father, Harry Brasher, Jr., and terminated child support payments to the mother. Although the modification order reserved reasonable visitation rights to Daisy, it suspended their exercise until such time as Daisy remarried or no longer had physical custody of her forthcoming unborn child. Daisy has appealed.

In July 1963 Daisy secured an interlocutory decree of divorce from Harry and was awarded custody of Robert and David, then aged 7 and 6. A final judgment of divorce was entered in July 1964. In June 1963 Daisy began living with Thomas Royer and went under his name until September 1964, when her relationship with Royer ended. In 1965 she became pregnant, and at the time of the modification hearing in February 1966 she expected to deliver a child in March 1966. Daisy testified that neither Harry nor Royer had fathered her unborn child and that she intended to place the expected child for adoption. Daisy worked in Jerry's cafe as a waitress from 5:30 a.m. to 1:45 p.m. While she worked, her two children were taken care of by neighbors, who had also agreed to care for them during her confinement.

Harry remarried in 1964, and at the time of the hearing his present wife, Jane, was 20 years old. They had a child of their own. Harry worked in a family business, earned take-home pay of $148 a week, and had recently purchased a four-bedroom home into which he expected to move shortly. Although Jane was relatively young to take care of children, aged 10 and 9, she testified she would do so as a full-time housewife.

1. *The evidence was sufficient to justify the court's order directing a change in custody.* ▮ Child custody cases turn on what is best for the child. In determining what is best for the child, the trial court, with the parties and witnesses before it, has the benefit of the formal evidence and, as well, its observations of the conduct, attitude, and demeanor of the opposing parties. Since important elements of the problem are not necessarily contained in the testimony nor easily deduced from the written record, a strong presumption favors the decision of the trial court, which will only be overturned on a clear and convincing showing of abuse. (*Currin* v. *Currin,* 125 Cal.App.2d 644 [271 P.2d 61].)

In the present case the trial court had before it some showing of the morals of the parents, their financial condition, and their mode of life. (*Santens* v. *Santens*, 180 Cal.App.2d 809 [4 Cal.Rptr. 635].) Looking at the alternative patterns of upbringing offered for the two boys by Daisy and Harry, we cannot say the order of the trial court transferring custody from the mother to the father was without support in the record. (Cf. *Santens* v. *Santens, supra.*)

2. However, we have concluded that the trial court exceeded the bounds of its discretion in ordering Daisy to forego visitation with Robert and David until such time as she remarried or relinquished the physical custody of her expected child. In suspending Daisy's visitation rights, the trial court undoubtedly sought to insulate the two children from the consequences of their mother's immoral conduct. Yet, however laudable the motive of the court in attempting to shield the children from the bad example of their parent, in effect the court's order required Daisy to relinquish physical custody of one child in order to exercise visitation privileges with her other two. We do not think the law demands such Draconian remedies, even when dealing with conduct of which it officially disapproves. By statute the mother of an illegitimate child is entitled to retain its custody (Civ. Code, § 200), and by case law the parent not having the custody of a child is entitled to reasonable privileges of visitation. (16 Cal.Jur. 2d, Rev., Divorce, § 108.) Ordinarily, there is no occasion to require one of these rights to be exercised at the expense of the other, and we do not find the circumstances of the present case so exceptional as to demand a departure from the general rule. There is no showing in the case that the best interests of Robert and David required their isolation from their mother until she should relinquish custody of her expected child, and we see no reasonable expectation of benefits to the children from such an order which would be sufficient to outweigh the emotional distress normally caused to both mother and children by an enforced separation. In this respect the order was unnecessarily restrictive, and we modify it by deleting the part which suspended Daisy's rights of visitation while unmarried and in physical possession of her expected child.

As modified, the order is affirmed. Appellant to recover costs.

Roth, P. J., and Herndon, J., concurred.